1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DAVID LOGAN, II,                           No.  2:16-cv-2020 AC P

12                  Plaintiff,

13          v.                                        ORDER

14   D.L. GAMBOA, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for

19   all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 5.  Currently before

20   the court are plaintiff's original complaint (ECF No. 1), amended complaints (ECF Nos. 6, 7, 11,

21   12, 13, 15, 16, 17, 26), motions for appointment of counsel (ECF Nos. 2, 18, 19, 20, 25, 28, 30),

22   request for Priority Legal User status (ECF No. 8), request to issue subpoenas (ECF No. 21),

23   requests for transfer (ECF Nos. 22, 24), request for discovery (ECF No. 27), and request for

24   service forms (ECF No. 29).

25   I.     Three Strikes Analysis

26          Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or

27   paid the required filing fee of $350.00 plus the $50.00 administrative fee.  Accordingly, he will be

28   provided the opportunity either to submit the appropriate application in support of a request to

                                              1

1   proceed in forma pauperis or to submit the required fees totaling $400.00.  However, if he

2   submits an application to proceed in forma pauperis, it will not be granted unless he also

3   demonstrates that he meets the imminent danger exception as explained below.

4         The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States

5   to authorize the commencement and prosecution of any suit without prepayment of fees by a

6   person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a
> judgement in a civil action or proceeding under this section if the
> prisoner has, on 3 or more occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious
> physical injury.

12   28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded

13   from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three

14   frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,

15   169 F.3d 1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's in

16   forma pauperis status on upon a determination that each action reviewed (as a potential strike) is

17   carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to

18   state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a district court

19   disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous,

20   malicious, or fails to state a claim upon which relief may be granted,' such a complaint is

21   'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of

22   the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v.

23   Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

24         The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which

25   indicates that plaintiff has a three strikes order in the United States District Court for the Central

26   _____

27   [1]  A court may take judicial notice of court records.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28   [2]  A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

2

District of California in <u>Logan v. La Duke</u>, Case No. 2:10-cv-07612-UA-MLG.  Upon inspection of the order in that case, which deems plaintiff a three strikes litigant, and several other cases filed by plaintiff in the Central District of California, this court has identified eight cases brought by plaintiff that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff in the United States District Court for the Central District of California:

1. <u>Logan v. Baker,</u> 2:01-cv-08702-UA-MLG (dismissed as legally and/or factually patently frivolous on October 26, 2001)

2. <u>Logan v. Sheriff Department,</u> 2:05-cv-01900-UA-MLG (dismissed as legally and/or factually patently frivolous on March 25, 2005)

3. <u>Logan v. Blunk,</u> 2:06-cv-03639-UA-MLG (dismissed as legally and/or factually patently frivolous on June 27, 2005)

4. <u>Logan v. Zepeda,</u> 2:07-cv-07314-UA-MLG (dismissed as legally and/or factually patently frivolous on November 30, 2007)

5. <u>Logan v. Zepeda,</u> 2:08-cv-00631-UA-MLG (dismissed as legally and/or factually patently frivolous on April 3, 2008)

6. <u>Logan v. County of Los Angeles</u>, 2:08-cv-01916-UA-MLG (dismissed as legally and/or factually patently frivolous on April 3, 2008)

7. <u>Logan v. Marshal,</u> 2:09-cv-01883-UA-MLG (dismissed as legally and/or factually patently frivolous on March 27, 2009)

8. <u>Logan v. McClain,</u> 2:09-cv-03614-UA-MLG (dismissed as legally and/or factually patently frivolous on June 1, 2009).

All of the preceding cases were dismissed well in advance of the August 21, 2016 filing of the instant action, and plaintiff did not appeal any of these decisions, so none of the strikes have been overturned.  Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing

1   of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see

2   also Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Medberry v. Butler, 185 F.3d

3   1189, 1193 (11th Cir. 1999) (holding that a prisoner's allegation that he faced imminent danger

4   sometime in the past is an insufficient basis for the exception under § 1915(g)); Ashley v.

5   Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (noting that "an otherwise ineligible prisoner is only

6   eligible to proceed [in forma pauperis] if he is in imminent danger *at the time of filing*")

7   (emphasis in original); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding that danger

8   must exist "*at the time the plaintiff seeks to file his complaint*") (emphasis in original).

9        Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he

10   has established that he was under imminent danger of serious physical injury at the time he filed

11   the complaint.  Plaintiff's claims in his original complaint against defendants Gamboa and

12   Birdsong regarding denial of morphine for pain management are insufficient to meet this standard

13   because plaintiff simply disagrees with the pain medication he was provided.  ECF No. 1.  There

14   are no allegations that he has been denied all pain medication or treatment, only that he disagrees

15   with the decision to discontinue morphine and other narcotic pain relievers.  Id. at 3.  In contrast,

16   one of plaintiff's amended complaints, filed by the Clerk of the Court on November 17, 2016,[3]

17   may allege facts sufficient to establish imminent danger of serious physical injury, because

18   plaintiff states that his Wellbutrin medication was discontinued, causing him to hear voices and

19   experience paranoia.  ECF No. 16 at 3.

20        However, none of plaintiff's amended complaints are in the proper form.  Although

21   plaintiff has filed each "amended complaint" on a complaint form, each complaint contains

22   completely different allegations and defendants.  It appears that he is trying to add new

23   defendants and claims in a piecemeal fashion.  Local Rule 220 requires that an amended

24   complaint be complete in itself without reference to any prior pleading.  This requirement exists

25   because, as a general rule, an amended complaint supersedes the original complaint.  Valadez-

26   Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) (citing Forsyth v. Humana, Inc., 114 F.3d

27

28   [3]  The amended complaint was incorrectly docketed as a second sixth amended complaint.

1467, 1474 (9th Cir. 1997)).  In other words, each time plaintiff files an amended complaint, it completely replaces the previous complaint and the court only looks at the claims in the new complaint.  It is as if the old complaints do not exist.  Additionally, the claims and defendants in the various complaints are not all properly joined, because the claims do not involve the same defendants or arise out of the same transaction or occurrence.  Fed. R. Civ. P. 18; Fed. R. Civ. P. 20.  A plaintiff may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2) (emphasis added).

Since the disagreement with treatment alleged in the original complaint does not state a claim,[4] the "amended complaints" are not proper, and plaintiff might be able to allege imminent danger, the court will dismiss the original complaint, strike plaintiff's various "amended complaints," and allow plaintiff an opportunity to file a proper amended complaint.  If plaintiff chooses not to file an amended complaint, this action will be dismissed.  If he files an amended complaint but it does not allege imminent danger of serious physical injury, this action will be dismissed unless plaintiff pays the filing fee.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id. at 371.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

---

[4]  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion between inmate and medical personnel about what treatment is appropriate does not constitute deliberate indifference).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2  make plaintiff's amended complaint complete.  Once plaintiff files an amended complaint, the

3  original pleading no longer serves any function in the case.  In an amended complaint, as in an

4  original complaint, each claim and the involvement of each defendant must be sufficiently

5  alleged.  Therefore, plaintiff's amended complaint must be filed as a single document, which

6  must contain all claims against all defendants.  The court will not consider piecemeal, partial

7  filings such as those previously submitted by plaintiff.  See ECF Nos. 6, 7, 11, 12, 13, 15, 16, 17,

8  26.

9    II.    Motions for Counsel

10    Plaintiff has filed several motions for appointment of counsel.  ECF Nos. 2, 18, 19, 20, 25,

11  28, 30.  The United States Supreme Court has ruled that district courts lack authority to require

12  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

13  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

14  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

15  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

16    The test for exceptional circumstances requires the court to evaluate the plaintiff's

17  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

18  light of the complexity of the legal issues involved.  Wilborn v. Escalderon, 789 F.2d 1328, 1331

19  (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common

20  to most prisoners, such as lack of legal education and limited law library access, do not establish

21  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

22  Plaintiff has failed to establish any exceptional circumstances exist.  Additionally, plaintiff has

23  not filed an application to proceed in forma pauperis and therefore he lacks grounds to establish

24  indigence and eligibility for appointed counsel.  Thus, plaintiff's requests for counsel (ECF Nos.

25  2, 18, 19, 20, 25, 28, 30) will be denied.

26    III.    Request for Priority Legal User Status

27    Plaintiff has filed a request for Priority Legal User (PLU) status.  ECF No. 8.  The court

28  does not have authority to order the California Department of Corrections and Rehabilitation to

1    grant plaintiff PLU status and therefore this request will be denied.

2    IV.    Request to Issue Subpoenas

3          Plaintiff has filed a request for the court to issue subpoenas for trial. ECF No. 21. At this

4    stage, it is not clear that this case will proceed to trial and the request will be denied.

5    V.    Request for Transfer

6          Plaintiff has requested transfer to federal custody. ECF Nos. 22, 24. The court does not

7    have authority to order plaintiff into federal custody and therefore these requests will be denied.

8    VI.    Request for Discovery

9          Plaintiff has requested discovery of his medical file. ECF No. 27. At this stage, it is not

10   clear that this case will proceed to discovery and the request will be denied. If the case proceeds

11   to discovery in the future, plaintiff will have the opportunity to request documents relevant to his

12   claims in this case.

13   VII.    Request for Service Forms

14         Plaintiff has requested forms for completing service on defendants. ECF No. 29. The

15   court has not determined that service is appropriate at this stage and the request will be denied.

16   VIII.    Conclusion

17         Plaintiff must file a request to proceed in forma pauperis or pay the required fees. If

18   plaintiff requests to proceed in forma pauperis, he must show that he meets the imminent danger

19   exception. Since plaintiff may be able to demonstrate that he was in imminent danger of serious

20   physical injury, the court will grant him leave to amend the complaint. Plaintiff's previously filed

21   amended complaints will be stricken from the record and the original complaint is dismissed with

22   leave to amend.

23         If plaintiff chooses to amend his complaint, the first amended complaint must include all

24   of the claims plaintiff wants to make because the court will not look at the claims or information

25   in any of his other complaints. **Any claims not in the first amended complaint will not be**

26   **considered.** In order to state a claim for deliberate indifference, plaintiff must state facts that

27   show that defendants knew about his serious medical needs and ignored the risk to his health and

28   safety.

Plaintiff's motions for counsel, request for PLU status, request to issue subpoenas, request for transfer to a federal facility, request for discovery, and request for service forms are all denied.

Accordingly, IT IS HEREBY ORDERED that:

1.     The original complaint (ECF No. 1) is dismissed with leave to amend;

2.     The Clerk of the Court is directed to strike plaintiff's amended complaints (ECF Nos. 6, 7, 11, 12, 13, 15, 16, 17, 26) from the record;

3.     Within thirty days from the date of this order, plaintiff shall submit an amended complaint.  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in dismissal of this action;

4.     The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district;

5.     Plaintiff shall submit, within thirty days from the date of this order, an application to proceed in forma pauperis on the form provided by the Clerk of Court or the appropriate filing fee.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

6.     The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

7.     Plaintiff's motions for appointment of counsel (ECF Nos. 2, 18, 19, 20, 25, 28, 30) are denied;

8.     Plaintiff's request for PLU status (ECF No. 8) is denied;

9.     Plaintiff's request to issue subpoenas (ECF No. 21) is denied;

10.    Plaintiff's requests for transfer (ECF No. 22, 24) are denied;

////

////

////

1    11.    Plaintiff's request for discovery (ECF No. 27) is denied; and

2    12.    Plaintiff's request for service forms (ECF No. 29) is denied.

3    DATED: March 31, 2017

4

ALLISON CLAIRE
5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28