UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>    Plaintiff,<br><br>    v.<br><br>D. GAMBOA, et al,<br><br>    Defendants. | No. 2:16-cv-2020 AC P<br><br><br><br>ORDER |

    Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has requested the appointment of counsel multiple times in the past, often citing his lack of income (ECF Nos. 28, 30, 38 ), limited education (ECF Nos. 2, 19, 20, 28, 30, 38 ), limited legal knowledge (ECF Nos. 2, 19, 20, 28, 30, 38 ), limited access to law library (ECF Nos. 19, 20, 28, 30, 38), inability to obtain evidence through discovery (ECF Nos. 2, 28, 30), health concerns (ECF No. 18), and inability to find or employ an attorney (ECF No. 18, 25, 28, 30). In this most recent request for appointment of counsel, plaintiff claims lack of income, limited education, limited access to legal knowledge, limited access to law library, inability to obtain evidence through discovery, inability to find or employ an attorney, and the difficulty of representing himself at trial. ECF No. 46.

These requests list circumstances common to most inmates and are essentially the same every time, with many of them using boilerplate forms. Additionally, a number of his requests are based in part on the difficulties of proceeding at trial, and it has not yet been determined that this case will go to trial. Finally, as plaintiff has been previously advised, the court is unable to determine his likelihood of success on the merits because there is no complaint pending. For these reasons, his most recent request for counsel will be denied and any further requests based on plaintiff's case going to trial will be summarily denied until it is decided that this case will go to trial.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 46) is denied.

DATED: June 16, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE