UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID LOGAN, II,<br><br>Plaintiff,<br><br>v.<br><br>D.L. GAMBOA, et al.,<br><br>Defendants. | No. 2:16-cv-2020 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

By order filed March 31, 2017, the undersigned dismissed the original complaint for failure to state a claim, struck plaintiff's numerous and deficient amended complaints, and found that plaintiff had accrued at least three strikes under 28 U.S.C. § 1915(g). ECF No. 31 at 1-5. Because one of the amended complaints indicated that plaintiff may be able to allege facts demonstrating that he is in imminent danger of serious physical injury, he was directed to pay the appropriate filing fee or submit an application to proceed in forma pauperis and warned that he would not be able to proceed in forma pauperis unless he met the imminent danger exception. Id. at 2-3. Plaintiff proceeded to file a motion to proceed in forma pauperis (ECF No. 34), and, after two extensions of time (ECF Nos. 40, 45), filed a first amended complaint (ECF No. 49) which was followed by a second amended complaint a few days later (ECF No. 51). Plaintiff then filed a motion to amend. ECF No. 53. He has also filed motions for appointment of counsel (ECF No. 48) and for an extension of time to "send to the street the correct documents" (ECF No. 57).

In striking plaintiff's numerous amended complaints, the court found that the amended complaints were not in the proper form and advised plaintiff as follows:

> Although plaintiff has filed each "amended complaint" on a complaint form, each complaint contains completely different allegations and defendants. It appears that he is trying to add new defendants and claims in a piecemeal fashion. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) (citing Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997)). In other words, each time plaintiff files an amended complaint, it completely replaces the previous complaint and the court only looks at the claims in the new complaint. It is as if the old complaints do not exist. Additionally, the claims and defendants in the various complaints are not all properly joined, because the claims do not involve the same defendants or arise out of the same transaction or occurrence. Fed. R. Civ. P. 18; Fed. R. Civ. P. 20. A plaintiff may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2) (emphasis added).

ECF No. 31 at 4-5.

A review of the first and second amended complaints shows that while the first amended complaint relates to the allegations in the original complaint, the second amended complaint does not. Because the allegations in the second amended complaint are unrelated to the claims in the original complaint,[1] the second amended complaint is not proper and will be stricken from the record. If plaintiff wants to pursue the claims in the second amended complaint, he is free to do so in a separate action.

Furthermore, the motion to file an amended complaint will be denied because it requests to add an additional $100,000 per defendant and for an amended complaint form "to address all CSP medical defendants that have violated [his] 8th Amendments to adequate medical treatment" at CSP-Corcoran. ECF No. 53 at 2-3 (altered to standard capitalization). Plaintiff has been previously advised that this is not the proper way to amend a complaint (ECF No. 31 at 4-5), and

---

[1] The second amended complaint makes allegations against entirely new defendants at a different prison for unrelated medical treatment. Compare ECF No. 1 with ECF No. 51.

2

he has also failed to identify the claims or defendants he wants to add. Based on the little information plaintiff has provided, it appears that the claims he seeks to add are unrelated to the claims in the original complaint because the original complaint dealt with defendants located at Salinas Valley State Prison (SVSP), not CSP-Corcoran.

Plaintiff's motions for an extension of time and for appointment of counsel will also be denied. In the motion for an extension of time, plaintiff references a pending motion for summary judgment. ECF No. 57. However, there is no such motion pending in this case, and to the extent plaintiff may be requesting time to submit his medical records in this case, it is unnecessary for him to do so. With respect to the motion for appointment of counsel, this motion will be denied because, as set forth below, the undersigned will recommend dismissal of the first amended complaint without leave to amend.

In the first amended complaint, plaintiff sets forth three nearly identical counts against defendants Comier, Shoemaker, Gamboa, and Birdsong. ECF No. 49 at 7-9. Specifically, he asserts that Comier and Shoemaker retaliated against plaintiff for his lawsuit by respectively denying him PLU status and moving him from EOP status to triple CMS status while at CSP-Corcoran. Id. Gamboa and Birdsong are alleged to have denied plaintiff 15 mg of morphine three times a day while he was at SVSP. Id.

Plaintiff was previously warned that if he failed to allege facts that demonstrated an imminent risk of serious physical injury, his request to proceed in forma pauperis would be denied. ECF No. 31. The denial of priority library access and a change in mental health care status, even if true, do not show that plaintiff was in imminent risk of serious physical injury. Plaintiff was also previously advised that his disagreement with Gamboa and Birdsong's decision to deny morphine, without more, was not sufficient to demonstrate imminent risk of serious physical injury. Id. at 4. Plaintiff is further unable to establish imminent risk with regard to the claims against Gamboa and Birdsong because he was no longer housed at SVSP at the time he filed the first amended complaint. ECF No. 49 at 1; Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). Because plaintiff has accrued three

strikes under 28 U.S.C. § 1915(g) (see ECF No. 31 at 1-3) and has not alleged facts demonstrating that he was in imminent danger of serious physical injury at the time he filed the first amended complaint, his motion to proceed in forma pauperis should be denied.

The allegations in the first amended complaint are also insufficient to state viable claims for relief. Plaintiff has offered only conclusory assertions that Comier and Shoemaker's actions were in retaliation for his lawsuit; these are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Moreover, even if plaintiff could amend the complaint to allege additional facts that would support claims for retaliation, the claims against both Comier and Shoemaker are improperly joined with the claims against Gamboa and Birdsong, which were the basis of the original complaint. Fed. R. Civ. P. 18; Fed. R. Civ. P. 20.

As for plaintiff's allegations against Gamboa and Birdsong, they are identical to the allegations in the original complaint, which he was previously advised were insufficient. In screening the original complaint, the court advised plaintiff that the allegation he was denied morphine was, without more, insufficient to state a claim. The court explained that there were "no allegations that he has been denied all pain medication or treatment, only that he disagrees with the decision to discontinue morphine" and a disagreement with treatment is not sufficient to state a claim. ECF No. 31 at 4-5 & fn. 4 (citing Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion between inmate and medical personnel about what treatment is appropriate does not constitute deliberate indifference)). Because the claims in the first amended complaint are identical to those in the original complaint, they also fail to state a claim.

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However,

4

if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Plaintiff was previously advised of the deficiencies with his claims against Gamboa and Birdsong, and, rather than addressing those deficiencies, chose to simply repeat the same allegations without providing additional information. The allegations against Comier and Shoemaker are not only insufficiently pled, but are also improperly joined with the claims against Gamboa and Birdsong, which make up the basis for this action, and the misjoinder cannot be cured by amendment. For these reasons the undersigned finds that leave to amend would be futile and the first amended complaint should therefore be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign a United States District Judge to this action.

2. The Clerk of the Court is directed to strike the second amended complaint (ECF No. 51) from the record.

3. Plaintiff's motion to amend the complaint (ECF No. 53) is denied.

4. Plaintiff's motion for an extension of time to submit documents (ECF No. 57) is denied.

5. Plaintiff's motion for appointment of counsel (ECF No. 48) is denied.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 34) be denied because he has accrued three strikes under 28 U.S.C. § 1915(g) (see ECF No. 31 at 1-3) and he has not demonstrated that he was in imminent danger of serious physical injury at the time he filed the first amended complaint.

2. The first amended complaint (ECF No. 49) be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2018.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE